UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
JAN 14 2013
AT____O'CLOCK
Lawrence K. Baerman, Clerk - Syracuse

| | |
|---|---|
| CHAD R. GOETZ,<br><br>               Plaintiff<br><br>vs.<br><br>VERIFACTS, INC.,<br>RICHARD J. BOUDREAU & ASSOCIATES, LLC<br>               Defendants | Civil Case No._____<br><br>5:13CV51 NAM/DEP<br><br>COMPLAINT PURSUANT TO THE FAIR CREDIT REPORTING ACT<br><br>JURY TRIAL DEMANDED |

Plaintiff Chad R. Goetz sues Defendants Verifacts, Inc. (hereinafter "Verifacts") and Richard J. Boudreau & Associates, LLC (hereinafter "Boudreau") for money damages arising from violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 *et. seq.* and, upon information and belief, alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court possesses original jurisdiction of this matter pursuant to 28 U.S.C. § 1331 as the claims arise under the FCRA.

2. Venue is invoked pursuant to 28 U.S.C. § 1391b(2).

## II. PARTIES

3. Plaintiff Chad R. Goetz is a natural individual and is a resident of the State of New York, in the County of Onondaga. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1681a(c).

4. Upon information and belief, Verifacts is an Illinois corporation not authorized to conduct business in New York. Defendant's corporate headquarters are at 204 1st Ave Sterling, IL, 61081. Verifacts is a "person" within the meaning of 15 U.S.C. § 1681a(b).

5. Upon information and belief, Defendant Boudreau is a foreign limited liability company authorized to conduct business in New York. Defendant's corporate headquarters are at 6

1

Manor Parkway, Salem, NH 03079. Boudreau is a "person" within the meaning of 15 U.S.C. § 1681a(b).

### III. GENERAL ALLEGATIONS OF FACT AND LAW

*FCRA VIOLATIONS OF DEFENDANT VERIFACTS*

6. Congress enacted the FCRA in part to stringently protect consumer privacy interests from unwarranted and illegal intrusions.

7. In January 2011, Defendant Verifacts made an inquiry into Plaintiff's Trans Union consumer report without a permissible purpose as defined at 15 U.S.C. § 1681b.

8. In January 2011, Defendant Verifacts made an inquiry into Plaintiff's Experian consumer report without a permissible purpose as defined at 15 U.S.C. § 1681b.

9. 15 U.S.C. § 1681b provides, in relevant part, that a consumer reporting agency may furnish a consumer report only for certain specified reasons:

    1. In response to the order of a court having jurisdiction to issue such an order...;
    2. In accordance with the written instructions of the consumer to whom it relates;
    3. To a person which it has reason to believe—
        a. Intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; .... 15 U.S.C. § 1681b(a)(1-3)(abridged).

10. At no time has a court order been entered granting Defendant Verifacts authority to make an inquiry into Plaintiff's consumer report.

11. At no time has the Plaintiff personally granted Defendant Verifacts the right to make an inquiry into Plaintiff's consumer report.

12. At no time has the Plaintiff been involved with a credit transaction or had an account with Defendant Verifacts.

13. At no relevant time material to this complaint were the strictly limited circumstances granting

permissible purpose at 15 U.S.C. § 1681b attained by Defendant Verifacts.

14. After discovering the inquiries, Plaintiff sent Defendant a Notice of Intent to Sue with the intent of privately resolving this matter outside of court.

15. Plaintiff received a letter dated July 20, 2011 from Verifacts on or around July 27th, 2011 in response to Plaintiff's Notice of Intent to Sue.

16. Defendant Verifact's letter alleges that they had a permissible purpose to acquire Plaintiff's consumer report stating in relevant part that their inquiry was done "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or collection of an account of, the consumer."

17. Nowhere in the body of Defendant Verifact's letter was a specific 'credit transaction,' 'extension of credit' or 'review or collection of an account' alleged or asserted.

18. Defendant Verifacts knew, or should have known, that there exists no credit transaction, no extension of credit, nor any account to review or collect upon that exists or has ever existed between Defendant and Plaintiff.

19. Defendant Verifact's letter states in relevant part that "Verifacts, Inc. is not a debt collector and is not attempting to collect a debt from you."

20. Verifact's Linkedin web page [http://www.linkedin.com/company/verifacts] states succinctly that Verifacts is "Licensed as a collection agency as well as private detective agency working in the credit and collections industry."

21. Discovery of the violations by Verifacts took place in July 2011 and are within the applicable statute of limitations pursuant to 15 U.S.C. § 1681p.

*FCRA VIOLATIONS OF DEFENDANT BOUDREAU*

22. On October 7, 2011, Defendant Boudreau made an inquiry into Plaintiff's Experian consumer

report without a permissible purpose as defined at 15 U.S.C. § 1681b.

23. On October 13, 2011, Defendant Boudreau made another inquiry into Plaintiff's Experian consumer report without a permissible purpose as defined at 15 U.S.C. § 1681b.

24. At no time has a court order been entered granting Boudreau authority to make an inquiry into Plaintiff's consumer report.

25. At no time has the Plaintiff personally granted Defendant Boudreau the right to make an inquiry into Plaintiff's consumer report.

26. At no time has the Plaintiff been involved with a credit transaction or had an account with Defendant Boudreau.

27. At no relevant time material to this complaint were the strictly limited circumstances granting permissible purpose at 15 U.S.C. § 1681b attained by Defendant Boudreau.

28. Defendant Boudreau knew, or should have known, that there exists no credit transaction, no extension of credit, nor any account to review or collect upon that exists or has ever existed between Defendant and Plaintiff.

29. After discovering the inquiries, Plaintiff sent Boudreau a Notice of Intent to Sue with the intent of privately resolving this matter outside of court.

30. Boudreau never responded to Plaintiff's Notice of Intent to Sue.

31. Discovery of the violations by Boudreau took place in March 2012 and are within the applicable statute of limitations pursuant to 15 U.S.C. § 1681p.

## IV.   CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681n
### Willful noncompliance by Defendant Verifacts

32. Plaintiff repeats and realleges each and every allegation above.

4

33. Plaintiff is a "consumer" as defined at 15 U.S.C. § 1681a(c).

34. Trans Union is a "credit reporting agency" as defined at 15 U.S.C. § 1681a(f).

35. A "consumer report" as defined at 15 U.S.C. § 1681a(d)(1) is "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living...."

36. As a person who uses consumer reports, Defendant Verifacts had a duty to properly ascertain if there was any legitimate permissible purpose pursuant to 15 U.S.C. § 1681b prior to obtaining Plaintiff's Trans Union consumer report.

37. As a result of obtaining Plaintiff's Trans Union consumer report without a permissible purpose pursuant to 15 U.S.C. § 1681b, Defendant Verifact's actions in so doing are willful within the meaning of 15 U.S.C. § 1681n.

38. As a result of the foregoing violations, Plaintiff's right to financial privacy was egregiously violated and Defendant Verifacts is liable to Plaintiff's for statutory damages, costs, and attorney's fees.

### SECOND CLAIM FOR RELIEF
### Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681n
### Willful noncompliance by Defendant Verifacts

39. Plaintiff repeats and realleges each and every allegation above.

40. Plaintiff is a "consumer" as defined at 15 U.S.C. § 1681a(c).

41. Experian is a "credit reporting agency" as defined at 15 U.S.C. § 1681a(f).

42. A "consumer report" as defined at 15 U.S.C. § 1681a(d)(1) is "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's

credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living...."

43. As a person who uses consumer reports, Defendant Verifacts had a duty to properly ascertain if there was any legitimate permissible purpose pursuant to 15 U.S.C. § 1681b prior to obtaining Plaintiff's Experian consumer report.

44. As a result of obtaining Plaintiff's Experian consumer report without a permissible purpose pursuant to 15 U.S.C. § 1681b, Defendant Verifact's actions in so doing are willful within the meaning of 15 U.S.C. § 1681n.

45. As a result of the foregoing violations, Plaintiff's right to financial privacy was egregiously violated and Defendant Verifacts is liable to Plaintiff for statutory damages, costs, and attorney's fees.

### THIRD CLAIM FOR RELIEF
### Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681n
### Willful noncompliance by Defendant Boudreau

46. Plaintiff repeats and realleges each and every allegation above.

47. Plaintiff is a "consumer" as defined at 15 U.S.C. § 1681a(c).

48. Experian is a "credit reporting agency" as defined at 15 U.S.C. § 1681a(f).

49. A "consumer report" as defined at 15 U.S.C. § 1681a(d)(1) is "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living...."

50. As a person who uses consumer reports, Defendant Boudreau had a duty to properly ascertain if there was any legitimate permissible purpose pursuant to 15 U.S.C. § 1681b prior to obtaining Plaintiff's Experian consumer report on October 7, 2011.

51. As a result of obtaining Plaintiff's Experian consumer report on October 7, 2011 without a permissible purpose pursuant to 15 U.S.C. § 1681b, Defendant Boudreau's actions in so doing are willful within the meaning of 15 U.S.C. § 1681n.

52. As a result of the foregoing violations, Plaintiff's right to financial privacy was egregiously violated and Defendant Boudreau is liable to Plaintiff for statutory damages, costs, and attorney's fees.

**FOURTH CLAIM FOR RELIEF**
**Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681n**
**Willful noncompliance by Defendant Boudreau**

53. Plaintiff repeats and realleges each and every allegation above.

54. Plaintiff is a "consumer" as defined at 15 U.S.C. § 1681a(c).

55. Experian is a "credit reporting agency" as defined at 15 U.S.C. § 1681a(f).

56. A "consumer report" as defined at 15 U.S.C. § 1681a(d)(1) is "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living...."

57. As a person who uses consumer reports, Defendant Boudreau had a duty to properly ascertain if there was any legitimate permissible purpose pursuant to 15 U.S.C. § 1681b prior to obtaining Plaintiff's Experian consumer report on October 13, 2011.

58. As a result of obtaining Plaintiff's Experian consumer report without a permissible purpose on October 13, 2011 pursuant to 15 U.S.C. § 1681b, Defendant Boudreau's actions in so doing are willful within the meaning of 15 U.S.C. § 1681n.

59. As a result of the foregoing violations, Plaintiff's right to financial privacy was egregiously violated and Defendant Boudreau is liable to Plaintiff for statutory damages, costs, and

7

attorney's fees.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully asks that this Court grant him the following relief, as set forth in this Complaint, and enter final judgment against Defendants as follows:

a. A total of $4,000 to encompass $1,000 in statutory damages for each Claim for Relief pursuant to 15 U.S.C. § 1681n;

b. Attorney's fees and costs of the action pursuant to 15 U.S.C. § 1681n;

c. Punitive damages to be determined by the jury;

d. For such other and further relief as to the Court may deem just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 14th, 2013

Respectfully submitted,

Chad R. Goetz
P.O. Box 234
Liverpool, New York 13088
315-466-9719
cgoetz74@gmail.com

*Plaintiff*

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Chad R. Goetz

**DEFENDANTS**
Richard J. Boudreau + Associates, LLC
Verifacts, Inc.

(b) County of Residence of First Listed Plaintiff: Onondaga
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☒ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 15 USC 1681
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____   DOCKET NUMBER _____

DATE: 1/14/13
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # SYR   AMOUNT 350   APPLYING IFP _____   JUDGE NAM   MAG. JUDGE DEP
034073

5:13CV51