HONORABLE _____

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

AT ALBANY

| | |
|---|---|
| CHAD R. GOETZ<br><br>    Plaintiff,<br><br>v.<br><br>RICHARD J. BOUDREAU<br><br>    Defendant. | Case No.: 5:13cv51 (NAM)<br><br>DEFENDANT, RICHARD J. BOUDREAU AND ASSOCIATES, LLC'S, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE STATED PURSUANT TO FED. R. CIV. P. 12(B)(6).<br><br>**Note on Motion Calendar:**<br>**March 30, 2013** |

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant, Richard J. Boudreau & Associates, LLC., s/h/a "Richard J. Boudreau" (Hereinafter referred to as "RJBA"), by and through its undersigned counsel, respectfully moves this Court to dismiss the Plaintiff's Complaint against it for failure to state a claim upon which relief can be granted.

## I. INTRODUCTION

Plaintiff's Complaint fails to state with any particularity: (a) that RJBA is a "debt collector"; and most importantly (b) that RJBA had a permissible purpose upon which to obtain a copy of the plaintiff's credit report within the meaning of 15 U.S.C. §1681 (b). Showing a permissible purpose is a complete defense to a Federal Credit Reporting Act ("FCRA") claim such as the plaintiff's claim.

## II. FACTUAL BACKGROUND

On or about October 2011, Citizen's Bank of Rhode Island retained RJBA's service for the purpose of collecting a debt owed by the plaintiff. The debt was the result of credit transaction involving the plaintiff as a consumer. In an effort to obtain information in connection with that credit transaction involving the consumer/plaintiff for the collection of said account, RJBA made inquiry into Plaintiff's Experian consumer report.

Thereafter, in connection with the collection of the debt, RJBA sent out correspondence to plaintiff informing him that RJBA had been retained to collect the debt. In response, plaintiff sent correspondence to RJBA requesting that it cease and desist any further communications with him and that he was going to consider filing suit based upon FDCPA violations, which sets forth rules, policies and provisions for the collection of debts. (Ex. A)

More than one year later, plaintiff commenced this action against RJBA alleging violations of the FCRA, which fails to state all elements for a cause of action against RJBA and therefore, it must be dismissed.

### III.  AUTHORITY AND ARGUMENT

#### A.  Legal Standards

Under Rule 12(b)(6), the Court may dismiss a complaint if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court in *Bell Athlantic Corp v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*"), held that often "questioned, criticized, and explained away" language from its prior decision in *Conley v. Gibson*, 255 U.S. 41 (1957), that motions to dismiss under Rule 12 (b) (6) should only be granted if there are "no set of facts" that could be proven to support relief, "has earned its retirement" "after puzzling the profession for 50 years." *Twombly*, 550 U.S. at 570.

A motion to dismiss under Federal Rule of Civil Procedure 12 (b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id. at 678* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair

to require the opposing party to be subjected to the expense of discovery." *Starr v. Baca*, 633 F.3d 1191, 1204 (9th Cir. 2011).

### B. Plaintiff's Complaint Fails to Define RJBA as a debt collector.

Plaintiff's Complaint fails to state a valid cause of action for a violation of FCRA. Plaintiff failed to identify RJBA as a debt collector despite his knowledge that RJBA is in fact a licensed debt collection agency. Plaintiff was fully aware that RJBA was a debt collector and as he threatened to file claims under the Federal Debt Collection Practices Act. ("FDCPA") See Exhibit A, plaintiff's correspondence to RJBA, which was not an offer to settle). In plaintiff's correspondence to RJBA, he references a debt owed to Citizens Bank throughout the letter requesting validation of said debt. Obviously, as of October 2011, plaintiff was well aware that RJBA was a debt collector.

### C. Plaintiff's Claims are Without Merit as Defendant, RJBA, had a Permissible Purpose.

Plaintiff contends that RJBA had made an inquiry into Plaintiff's Experian consumer report without a permissible purpose as defined in 15 U.S.C. § 1681(b). (See plaintiff's Complaint). However, RJBA made an inquiry into the plaintiff' consumer report as a debt collector in the process of collecting a debt, which is a permissible purpose under the FCRA.

> In general, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:
>
> (3) to a person which it has reason to believe-
> (A) intends to use the information in connection with a credit transaction involving eh consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer....

See 15 U.S.C. § 1681b(a). RJBA's only involvement with the plaintiff involved the collection of a debt owed to its client, Citizen's Bank of Rhode Island. (hereinafter "Citizens") Annexed hereto as Exhibit B, is a copy of the Note issued to plaintiff by Citizen's. The Note demonstrates that Citizen's issued plaintiff a student loan for the academic period of 2003-2004. Plaintiff signed the Note on August 14, 2003. Plaintiff clearly knew that he owed Citizen's a debt upon which RBJA was retained to collect.

Therefore, in connection with the collection of this debt, RJBA made a permissible inquiry into plaintiff' credit report. The showing of a permissible purpose is a complete defense to an allegation of a violation of FCRA § 1681b. *See Stonehart v. Allan Rosenthal, et al*, 01 Civ. 651 (SAS), 2001 U.S. Dist. LEXIS 11566 (August 13, 2001, J. Scheindlin, USDJ)[1] (dismissing claims against an attorney that was referred plaintiff's dental debt for collection); *see also Ostrander v. Unifund Corp.*, 07-CIV-86-JTC, 2008 U.S. Dist. LEXIS (March 28, 2008, J. Curtin) (dismissing FCRA claims against debt buyer/seller and law firm engaged to collect debt owed by plaintiff)

Defendant, RJBA, was engaged by Citizen's to collect an outstanding student loan owed by the plaintiff/consumer. In preparation of the collection of that debt, RJBA made an inquiry into the plaintiff's Experian consumer report. Obtaining a consumer report with the intent to use the information for the collection of an account of the consumer is a permissible purpose and a complete defense to plaintiff's claims herein. Thus, both causes of action interposed against RJBA, namely the Third and Fourth Claims for Relief[2], must be dismissed with prejudice.

---

[1] Unreported cases are annexed to the end of the motion as "UNREPORTED CASES."
[2] Despite plaintiff's separation of these claims for relief, the allegations are exactly the same, including the titles of said causes of action.

## IV. CONCLUSION

Based upon the clear showing that defendant, RJBA, made an inquiry into Plaintiff's consumer report in connection with the collection of a debt, which is a permissible purpose, the Court must dismiss the plaintiff's Complaint against RJBA as it fails to state a valid cause of action.

RICHARD J. BOUDREAU & ASSOCIATES, LLC

/s/ Heather Q. Wallace, Bar # 518001
Heather Q. Wallace, (NDBA 518001)
RICHARD J. BOUDREAU & ASSOCIATES, LLC
41 Kenosia Avenue, Ste. 302
Danbury, CT 06810
203-826-7213 tel.
203-942-2301(fax)
hwallace@rjba.com

Attorney for Defendant, Richard J. Boudreau

## CERTIFICATION

This is to certify that on this 20th day of February 2013, I caused the foregoing, Motion to Dismiss for Failure to State a Cause of Action pursuant to Fed. R. Civ. Proc. 12(b)(6) to be mailed postage pre-paid to the following:

Chad R. Goetz
P.O. Box 234
Liverpool, NY 13088

Verifacts
204 1st Ave.
Sterling IL 61081

 Electronically filed with the Clerk of the Court using the CM/ECF system.