UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
++++++++++++++++++++++++++++++++++++++++++++++++++++++

**Chad R. Goetz,**

                               **Plaintiff,**

                -v-                                       5:13-CV-51 (NAM/DEP)

**Verifacts, Inc. and Richard J. Boudreau &
Associates, LLC,**

                               **Defendants.**

++++++++++++++++++++++++++++++++++++++++++++++++++++++

APPEARANCES:

Chad R. Goetz
Plaintiff, *pro se*

Richard J. Boudreau & Associates, LLC
Heather Quigley Wallace, Esq., of counsel
41 Kenosia Avenue, Suite 302
Danbury, Connecticut 06810
Attorney for Defendant Richard J. Boudreau & Associates, LLC

**Hon. Norman A. Mordue, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

In this *pro se* action, plaintiff claims that defendant Richard J. Boudreau & Associates, LLC ("Boudreau") wrongfully obtained plaintiff's consumer report on two occasions in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. Plaintiff discontinued the action against defendant Verifacts, Inc. (Dkt. No. 8). Boudreau moves (Dkt. No. 7) to dismiss the action for failure to state a claim under Fed.R.Civ.P. 12(b)(6). As set forth below, the Court denies the motion.

### COMPLAINT

As against Boudreau, the complaint (Dkt. No. 1) alleges:

> On October 7, 2011, Defendant Boudreau made an inquiry into Plaintiff's Experian consumer report without a permissible purpose as defined at 15 U.S.C. § 1681b.
>
> On October 13, 2011, Defendant Boudreau made another inquiry into Plaintiff's Experian consumer report without a permissible purpose as defined at 15 U.S.C. § 1681b.
>
> At no time has a court order been entered granting Boudreau authority to make an inquiry into Plaintiff's consumer report.
>
> At no time has the Plaintiff personally granted Defendant Boudreau the right to make an inquiry into Plaintiff's consumer report.
>
> At no time has the Plaintiff been involved with a credit transaction or had an account with Defendant Boudreau.
>
> At no relevant time material to this complaint were the strictly limited circumstances granting permissible purpose at 15 U.S.C. § 1681b attained by Defendant Boudreau.
>
> Defendant Boudreau knew, or should have known, that there exists no credit transaction, no extension of credit, nor any account to review or collect upon that exists or has ever existed between Defendant and Plaintiff.
>
> After discovering the inquiries, Plaintiff sent Boudreau a Notice of Intent to Sue with the intent of privately resolving this matter outside of court.
>
> Boudreau never responded to Plaintiffs Notice of Intent to Sue.

Plaintiff has discontinued the claims against defendant Verifacts, Inc. (the first and second causes of action). The third cause of action, against Boudreau, states as follows:

> Plaintiff is a "consumer" as defined at 15 U.S.C. § 1681a(c).
>
> Experian is a "credit reporting agency" as defined at 15 U.S.C. § 1681a(f).
>
> A "consumer report" as defined at 15 U.S.C. § 1681a(d)(1) is "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living ...."

> As a person who uses consumer reports, Defendant Boudreau had a duty to properly ascertain if there was any legitimate permissible purpose pursuant to 15 U.S.C. § 1681b prior to obtaining Plaintiff's Experian consumer report on October 7, 2011.
>
> As a result of obtaining Plaintiff's Experian consumer report on October 7, 2011 without a permissible purpose pursuant to 15 U.S.C. § 1681b, Defendant Boudreau's actions in so doing are willful within the meaning of 15 U.S.C. § 1681n.
>
> As a result of the foregoing violations, Plaintiff's right to financial privacy was egregiously violated and Defendant Boudreau is liable to Plaintiff for statutory damages, costs, and attorney's fees.

(Paragraph numbering omitted.) Plaintiff seeks $1,000 in statutory damages for each wrong, punitive damages, and attorney's fees and costs under 15 U.S.C. § 1681n.

**DISCUSSION**

Boudreau moves to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Ruotolo v. City of N.Y.*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell*, 550 U.S. at 555). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in plaintiff's favor. *See ATSI*, 493 F.3d at 98. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012) (quotation marks and citation omitted). The submissions of a *pro se* litigant should be interpreted to raise the strongest arguments that they

suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

In addressing a Rule 12(b)(6) motion, a court "is generally limited to the facts as presented within the four corners of the complaint, to documents attached to the complaint, or to documents incorporated within the complaint by reference." *Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002). A narrow exception to this limitation allows a court to consider a document which is integral to the complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). A document is not integral to a complaint where the complaint does not rely heavily upon its terms and effect. *Id.* "[A] plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *Id.*

In support of dismissal, Boudreau asserts that plaintiff was fully aware of Boudreau's status as a debt collector and that plaintiff purposefully omitted this status from the complaint in order to conceal the fact that Boudreau had a permissible purpose under section 1681b(a)(3)(A) for inquiring into plaintiff's Experian consumer report. According to Boudreau, its only involvement with plaintiff arose from its efforts to collect a debt which plaintiff owed to Citizen's Bank of Rhode Island, and which Citizen's Bank engaged Boudreau to collect. Boudreau states that the debt, a student loan memorialized by a promissory note on August 14, 2003, remained outstanding as of October 7 and 13, 2011, the dates of the allegedly wrongful inquiries.

The relevant portion of the FCRA, 15 U.S.C. § 1681b(a) provides:

> [A]ny consumer reporting agency may furnish a consumer report under the following circumstances and no other:
> \*\*\*
> (3) To a person which it has reason to believe –
>
> (A) intends to use the information in connection with a credit

-4-

> transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or <u>collection of an account</u> of, the consumer[.]

(Emphasis added.)  Courts construe section 1681b(a)(3)(A) to include a debt collector to whom a debt is referred for collection among those who have a permissible purpose for obtaining the debtor's consumer report.  *See Stonehart v. Rosenthal*, 2001 WL 910771, *3 (S.D.N.Y. Aug. 13, 2001); *Edge v. Professional Claims Bureau*, 64 F.Supp.2d 115, 118 (E.D.N.Y.1999), *aff'd*, 234 F.3d 1261 (2d Cir. 2000).  Although the FCRA does not define "debt collector," at least one court has applied the definition in the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(6), to an FCRA claim.  *See Weitz v. Wagner*, 2008 WL 5605669, *5, n.4 (E.D.N.Y. July 24, 2008) (Report and Recommendation adopted August 11, 2008) (stating that a "debt collector" is "any person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.").

Boudreau contends that, because it is engaged in the business of collecting debts, it qualifies as a debt collector, and thus its conduct was authorized by the FCRA.  Boudreau attaches three documents to its motion papers: a "Note Disclosure Statement" showing that plaintiff borrowed from Citizens Bank of Rhode Island the principal amount of $19,097.83; a student loan promissory note signature page, apparently for the same loan, signed by plaintiff on August 14, 2003; and a letter from plaintiff to Boudreau dated October 18, 2011 seeking "verification of this debt or any subsequent debt" and invoking the Fair Debt Collection Practices Act. Boudreau contends that the loan documents establish that Boudreau was a debt collector with a permissible purpose for obtaining plaintiff's consumer report.  Boudreau also contends that

-5-

plaintiff's October 18, 2011 letter shows that, prior to commencing this action, plaintiff already knew that Boudreau was a debt collector acting with a permissible purpose. Accordingly, Boudreau argues, the complaint fails to state a claim as a matter of law.

Reading the complaint with the liberality to which this *pro se* plaintiff is entitled, the Court finds that the factual allegations in support of the third and fourth causes of action (the two causes of action against Boudreau) are sufficient to state plausible claims under the FCRA. The three documents upon which Boudreau relies are not attached to, incorporated within, or integral to the complaint, and the Court disregards them and has not considered them in addressing the instant motion. As the parties have not conducted discovery, the Court declines to convert defendants' motion into one for summary judgment. Therefore, the motion (Dkt. No. 7) to dismiss the complaint is denied.

## CONCLUSION

It is therefore

ORDERED that the motion (Dkt. No. 7) to dismiss the complaint is denied; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

Date:   June 11, 2013
        Syracuse, New York

Honorable Norman A. Mordue
U.S. District Judge